BENEDICT *v.* COBB.

*(Supreme Court, Special Term, New York County.   June 4, 1889.)*

REVIVAL OF ACTIONS—AGAINST WHOM REVIVABLE.

Code Civil Proc. N. Y. § 757, provides that in case of the death of a sole defendant, if the cause of action survives, the court must allow or compel the action to be continued against his representatives or successors in interest.   Section 447 provides that any person may be made a defendant who has or claims an interest in the controversy adverse to plaintiff, or who is a necessary party defendant for a complete determination or settlement of the question involved therein.   An equitable action for an accounting, and the recovery of land alleged to have been conveyed to a decedent in his life-time as security for a debt, was brought against his executrix, who was a'so his legatee, both individually and in her representative capacity.   *Held,* that on her death pending the action it should be revived, not only against the administrator of decedent and the devisees of the portion of the land remaining unsold, but also against the personal representatives of the executrix.

Action by Mary A. Benedict against Ann A. B. Cobb.   Defendant died pending the action, and Edward B. Cobb became the executor of her will, and also the administrator *de bonis non* of the estate of Theodore H. Benedict, of whose will Ann A. B. Cobb was the executrix.   Plaintiff now moves to revive the action against Edward B. Cobb, and also against the devisees of Ann A. B. Cobb.

*Enoch L. Fancher,* for plaintiff.   *George S. Hamden* and *Clute & Cobb,* for defendants.

INGRAHAM, J.   By section 757 of the Code, it is provided that, in case of the death of a plaintiff or a sole defendant, if the cause of action survives or continues, the court must, upon motion, allow or compel the action to be continued by or against his representatives or successors in interest.   Mrs. Cobb was a defendant individually, and also as executrix of Theodore H. Benedict. The action is an action in equity for an accounting, and the recovery of the property alleged to have been conveyed to Benedict during his life as security for a debt.   It is conceded that the action should be revived against the administrator of Benedict, and also against the devisee of the portion of the land conveyed to Benedict which remains unsold.   By section 447 of the Code it is provided that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant for a complete determination or settlement of the question involved therein.   Under the original and supplemental complaint, I am inclined to think that the executors of Mrs. Cobb are proper parties defendant. She was the legatee as well as the executrix of Benedict, and the complaint alleges that the proceeds of the sale of the land were converted to his own use by Benedict in his life-time, and had, by reason of his decease and the will of Benedict, come into the hands and possession of Mrs. Cobb as the executrix and sole legatee and devisee as aforesaid.   She therefore held such proceeds either as executrix of Benedict, or in her own right as legatee under his will, and, in an action to recover such proceeds, I think she was individually and her executors now are proper parties for a complete determination of the controversy.   In an equity action of this kind, where the court may in its decree protect all parties, and may award costs to any party if on the trial it appears that the person made a party was not necessary to the determination of the action, all persons whose interests may be affected by the final determination of the question should be made parties to the action.   Motion should therefore be granted, with $10 costs to abide the event.